OPINION OF THE COURT
Howard Miller, J.
This matter having come on before me for trial in regular order on November 14, 1994, and the parties having stipulated to maintenance, child support and equitable distribution of the parties’ assets (exclusive of three employee benefit plans), two issues remain for determination by the court: (1) equitable distribution of three employee benefit plans; (2) legal and accounting fees.
EMPLOYEE BENEFIT PLANS
On November 18, 1993, defendant became the recipient of three employee benefit plans created by Astoria Financial Corporation, with whom he had been employed since March 1979, as follows:
(1) Incentive Stock Option and Limited Rights Plan (ISOP). ISOP grants defendant a 10-year option to purchase 3,053 shares of common stock at $25. The option may be exercised *269 so long as defendant remains employed at the rate of 3316% per year, commencing in January 1997. If defendant dies, becomes disabled, retires, or there is a change in control of the company, the option vests immediately. If a change in control of the company occurs, defendant has the right to relinquish the option and to receive from Astoria a sum of cash equal to the difference between the option price and the market value of the shares. If defendant is discharged for cause, defendant’s rights expire upon the date of termination. If defendant’s employment terminates for any other reason, defendant’s rights continue for an additional three-month period. The option is nontransferable during the defendant’s lifetime.
(2) Recognition and Retention Plan for Officers (RRP). RRP grants defendant a 20-year award to earn 2,036 shares of stock. The shares are earned during defendant’s employment at the rate of 33V3% per year, commencing in January 1997. In the event of defendant’s death, disability, retirement, or a change in control of the company, all shares shall be deemed earned as of defendant’s last day of service. Defendant’s termination for any other reason results in forfeiture of any unearned shares.
(3) Employee Stock Ownership Plan (ESOP). ESOP is a pension plan subject to ERISA. 1,321,177 shares of stock are currently allocated to ESOP, which will be released over a 12-year period as Astoria satisfies the loan which financed the stock purchase. The stock will be distributed among employees in proportion to their compensation. As of this date, no shares have been released. The plan states that a participant is 100% vested when he has been employed for five or more years, and that he will be "fully vested in your account balance on your Normal Retirement Date provided you are in Service on or after that date. Your interest will also fully vest in the event that Service is terminated by Early Retirement, Disability or death.” If defendant terminates his employment with Astoria for any other reason, he will have no vested benefit in the plan unless the plan is "Top Heavy.”
Defendant does not dispute that the three plans constitute marital property subject to equitable distribution, and the parties have agreed that plaintiffs share shall be 50%. At issue is the method of distribution. Defendant contends that the marital portion of the plans is derived from the 9.5 months that elapsed from the implementation of the plans to the date of service of the summons in this action, and seeks to apply the distributive formula employed in Majauskas v Ma *270 jauskas (61 NY2d 481), utilizing as the denominator the dates on which defendant is entitled to exercise the benefits provided by each plan. Plaintiff contends that the ISOP and RRP plans are not analogous to a pension or form of deferred compensation, since the benefits were fixed as of November 18, 1993, and there will be no incremental increase in benefit value as a result of defendant’s continued employment, thus rendering the Majauskas formula inappropriate.
The method of distributing both vested and nonvested pension benefits "lies within the reviewable discretion of the court and must be contoured to suit the particular circumstances, needs and means of the parties in the case” (Damiano v Damiano, 94 AD2d 132, 140). Applying the Majauskas formula to the ISOP and RRP plans would result in substantial diminution of the plaintiff’s interest in stock rights which were acquired during the marriage. Under ISOP, the defendant acquired the option to purchase 3,053 shares, and under RRP defendant earned the right to acquire 2,036 shares. While those rights do not mature immediately and may never mature, depending on whether defendant continues in employment, they are tangible benefits which were bestowed on defendant during the marriage. Under the Majauskas formula, plaintiff’s interest, computed over the period of years the option and award plans are in place, would reduce her ISOP share to 315.48 shares, and her RRP share to 210.39 shares, while defendant would retain an ISOP share of 2,737.52 and a RRP share of 1,825.61, or approximately 90% of the benefits. Patently such a distribution as applied to the ISOP and RRP plans would be neither fair nor equitable. The ESOP, however, is more akin to a traditional pension plan and the application of the Majauskas formula is appropriate to that plan.
Plaintiff shall be entitled to a 50% interest in defendant’s option rights to 3,053 shares under ISOP, which shall be implemented in the following fashion. Sixty days prior to the date defendant’s right to purchase a specified number of shares accrues, defendant shall notify plaintiff in writing of the date the option right matures, the total number of shares that may be purchased and the amount needed to fund such purchase. In the event that plaintiff wishes to participate in such a purchase she shall, within 30 days from the receipt of notice from defendant, notify defendant in writing of her election to receive the marital portion (50% of the total shares available for purchase, or such lesser amount as plaintiff shall *271 elect to purchase) of those shares and shall accompany such notice with a money order or cashier’s check in an amount sufficient to fund her share of such purchase. Defendant shall thereafter purchase and hold such shares as constructive trustee for plaintiff, until the shares may be transferred to plaintiff pursuant to the holding period as defined by the plan. If plaintiff elects not to exercise her right to purchase all or a portion of her allotment of shares, or fails to respond to defendant’s notice within the 30-day period heretofore set forth, plaintiff’s right to such shares shall be forfeited and defendant shall be entitled to purchase all or any part of the shares for his own benefit. Defendant shall, at the time of entry of judgment herein, designate plaintiff as beneficiary of 1,526.50 shares under ISOP, which amount shall be reduced as the options mature and plaintiff either purchases or forfeits her rights to those shares.
Plaintiff shall be entitled to a 50% interest in defendant’s award rights to 2,036 shares of stock under RRP. Within 10 days of receipt of such stock, defendant shall transfer to plaintiff one half of the total number of shares and/or cash received under RRP. Defendant shall at the time of entry of judgment herein designate plaintiff as beneficiary of 1,018 shares under RRP, which amount shall be reduced as shares are transferred to plaintiff.
In the event defendant’s rights under ISOP and RRP fail to mature or are forfeited for any reason, plaintiff’s interests therein will likewise terminate, it being understood that plaintiff’s rights to such stock are no greater than those inuring to defendant. Defendant shall not be required to exercise his portion of the stock option purchase, nor shall he be required to continue employment with Astoria.
LEGAL AND ACCOUNTING FEES
The parties have equally divided their assets. After payment of maintenance, child support and day care, and applicable Federal and State taxes, defendant’s available income is far below plaintiff’s, and will continue to be so for a number of years. Defendant has already paid $5,000 for plaintiff’s legal fees. Under the circumstances, no further award is made. There being no cogent argument advanced as to the need for accounting fees, none are awarded.